UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DURRELL DRUMMOND,
    Plaintiff,

vs.                                                              07-1278

TERESA ARROYO, et.al.,
    Defendants.

## ORDER

    This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A

    The plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named three defendants including Nurse Teresa Arroyo, Officer Jack Stevens and Illinois Department of Corrections Director Roger Walker. The plaintiff is suing the defendants in both their individual and official capacities.

    The plaintiff says on November 25, 2006, he was told to come take his medication. The plaintiff says after he complied, Nurse Arroyo told Defendant Stevens to grab the plaintiff's hand while she went down the gallery. The plaintiff says the officer grabbed his hand and refused to let go, then the officer struck the plaintiff in the hand with a lock. The plaintiff says the defendant's actions caused bruising and swelling and have hindered his ability to move his hand. The plaintiff says he complained about the incident to Defendant Walker through the grievance process, but he failed to investigate the incident properly. The plaintiff is asking for damages.

    The plaintiff has adequately alleged a claim of excessive force against Defendants Stevens and Defendant Arroyo. The exact involvement of Defendant Arroyo is unclear at this stage of the proceedings. However, the plaintiff has failed to state a claim upon which relief can be granted against Defendant Walker. A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). The mere fact that an individual was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). A supervisor cannot be held liable for the errors of his subordinates.

The plaintiff does not allege that Defendant Walker was involved in the assault, nor that he was present and failed to protect the plaintiff. The plaintiff has also failed to state a violation of his constitutional rights based on the grievance procedure.

The court notes the plaintiff has also filed a motion for appointment of counsel. [d/e 3] Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936. In this case, the plaintiff appears competent to proceed *pro se* based on his submissions. In addition, the case is not complex. The motion is denied.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: Defendants Arroyo and Stevens violated his Eighth Amendment right to be free from the use of excessive force. The claim is against the defendants in their individual capacities.**

**2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The clerk of the court is therefore directed to dismiss Defendant Walker.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) The plaintiff's motion for appointment of counsel is denied. [d/e 3]**

**5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under**

**Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this  13th  Day of       November        , 2007.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE