UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DURRELL DRUMMOND,
    Plaintiff,

vs.                                                                                07-1278

TERESA ARROYO, et.al.,
    Defendants.

### SUMMARY JUDGEMENT ORDER

This cause is before the court for consideration of Defendant Arroyo's motion for summary judgement. [d/e 32] and the plaintiff's motion to dismiss the motion for summary judgement. [d/e 35]. The motion to dismiss is denied. [d/e 35]. A defendant may file a dispositive motion. The plaintiff's motion to dismiss is actually a response to the defendant's motion. Therefore, the court will consider both the defendant's motion and the plaintiff's response.

### I. BACKGROUND

The plaintiff, a pro se prisoner, originally filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. On November 13, 2007, the court conducted a merit review and found that the plaintiff had adequately alleged that Defendants Nurse Teresa Arroyo and Correctional Officer Jack Stevens violated his Eighth Amendment right to be free from the use of excessive force. The claim was against the defendants in their individual capacities.

Specifically, the plaintiff alleged that on November 25, 2006, he was told to come take his medication. The plaintiff says after he complied, Nurse Arroyo told Defendant Stevens to grab the plaintiff's hand while she went down the gallery. The plaintiff says the officer grabbed his hand and refused to let go, then the officer struck the plaintiff in the hand with a lock. The plaintiff says the defendant's actions caused bruising and swelling and have hindered his ability to move his hand. The court noted in its merit review order that "[t]he exact involvement of Defendant Arroyo is unclear at this stage of the proceedings," nonetheless, the plaintiff was allowed to proceed on his Eighth Amendment claim. November 13, 2007 Order, p.1.

### II. FACTS

The plaintiff has not directly responded to the defendant's statement of undisputed facts. The Chairperson for the Office of Inmate Issues, Sherry Benton, says she has searched the records of the Administrative Review Board (herein ARB). Benton says on April 25, 2007, the board received an untimely grievance filed by the plaintiff. The plaintiff had attempted to file a

1

March 28, 2007 grievance with a Pontiac Correctional Officer, but was told that the 60-day time requirement for filing a grievance had passed. The grievance concerned the plaintiff's claims involving Nurse Arroyo and the November 25, 2006 incident.

Sherri Benton notes:

> in this particular grievance, (the plaintiff) writes that the reason his grievance was untimely, was because he was unaware of the grievance process and the time frames. A review of the ARB records reflect that this office has answered two, timely filed grievances by Drummond in April 2005. (Def. Mot, Benton Aff., p. 3)

### III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

## IV. ANALYSIS

Defendant Arroyo argues that the plaintiff has failed to exhaust his administrative remedies as required for his claim against her.   The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The defendant has provided evidence that the plaintiff did not file a timely grievance concerning any claims against her.   The plaintiff argues that regardless of whether his actions were timely, he did fully exhaust his administrative remedies because he did take all required steps.  In addition, the plaintiff appears to be claiming that he did not know the required time frame for filing a grievance.  The plaintiff admits he did not file a grievance concerning Defendant Arroyo's conduct on November 25, 2006 until March 28, 2007.

The plaintiff's arguments are not persuasive.  "A prisoner must complete all the administrative steps that the prison requires, and he must do so properly" *Oliver v Frank,* 2007 WL 737345 at 2 (7th Cir.  March 9, 2007).  "[T]he failure to file a timely grievance constitutes a failure to exhaust." *Murray v Arti,* 2006 WL 1662801 at 3 (7th Cir.  May 31, 2006).   Therefore, the court must dismiss the plaintiff's claims against Defendant Arroyo.

## V. CONCLUSION

The court will dismiss the Eighth Amendment claim against Defendant Arroyo for failure to exhaust administrative remedies.  The plaintiff's sole surviving claim is that Defendant Stevens used excessive force on November 25, 2006.   It is unclear from the facts before the court whether the plaintiff ever exhausted his administrative remedies for his claim against this defendant.   While the dispositive motion deadline is not until December 5, 2008, exhaustion is an initial requirement that should be addressed sooner rather than later.   Therefore, if Defendant Stevens believes the plaintiff has failed to exhaust his administrative remedies for his claims against the defendant, Defendant Stevens must file a motion for summary judgement on this issue within the next 30 days or he will waive this argument.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to dismiss the dispositive motion is denied. [d/e 35].  The court will consider the plaintiff's motion as a response to the dispositive motion.**

**2) Defendant Arroyo's motion for summary judgement  is granted pursuant to  Fed. R. Civ. P. 56. [d/e 32]   The clerk of the court is directed to enter judgment in favor of Defendant Arroyo in accordance with this order.**

**3) The discovery and dispositive motion deadlines remain as set with one exception. If Defendant Stevens believes the plaintiff has not exhausted his administrative remedies for his claim against Defendant Stevens, the defendant MUST file a motion for summary judgement on this initial requirement within the next 30 days.**

Enter this 23rd day of October, 2008

.

                                                   s\Harold A. Baker
_____
                                             HAROLD A. BAKER
                                   UNITED STATES DISTRICT JUDGE